1  Mark Holscher (State Bar. No. 139582)
   Diana Torres (State Bar. No. 162284)
2  Sharre Lotfollahi (State Bar. No. 258913)
   Drew Wilson (State Bar. No. 283616)
3  KIRKLAND & ELLIS LLP
   333 South Hope Street
4  Los Angeles, CA 90071
   Telephone: (213) 680-8400
5  Facsimile: (213) 680-8500
   diana.torres@kirkland.com
6  sharre.lotfollahi@kirkland.com
   drew.wilson@kirkland.com
7
   *Attorneys for Plaintiffs*
8  *Jemella Group Ltd. and ghd Professional*
   *North America, Inc.*
9



FILED
CLERK, U.S. DISTRICT COURT

AUG - 8 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

10          **UNITED STATES DISTRICT COURT**

11          **CENTRAL DISTRICT OF CALIFORNIA**

12  JEMELLA GROUP LTD.; AND          CASE NO. **CV13-05740-SS**
    GHD PROFESSIONAL NORTH
13  AMERICA, INC.,
                                     **COMPLAINT FOR FALSE**
14           Plaintiffs,             **DESIGNATION OF ORIGIN,**
                                     **TRADEMARK INFRINGEMENT**
15       vs.                         **AND UNFAIR COMPETITION**

16  LIVING PROOF, INC.,

17           Defendant.

18

19

20

21

22

23

24

25

26

27

28


Plaintiffs Jemella Group Ltd. and ghd Professional North America, Inc. (collectively, "Plaintiffs" or "GHD"), by and through their attorneys, for their complaint, hereby allege against defendant Living Proof, Inc. ("Living Proof") as follows:

## NATURE OF THE ACTION

1.      For over a decade, GHD—whose very name is derived from its trademarked tagline "good hair day"—has been at the forefront of the hair styling products industry.  With loyal clients from among the world's top hair stylists, celebrities and the fashion industry, GHD styling irons and products are renowned for incorporating cutting edge technology to produce any desired hair style.  GHD uses the trademarks GOOD HAIR DAY and GOOD HAIR DAY, EVERY DAY for hair care and hair styling products, as shown below.

 

2.      Living Proof, a maker of hair care products, has launched a new advertising and marketing campaign using marks identical to those owned by GHD, thereby unlawfully and willfully appropriating GHD's goodwill.  Specifically, Living Proof has begun using both the GOOD HAIR DAY trademark and the GOOD HAIR DAY, EVERY DAY trademark for Living Proof to advertise its own competitive hair styling products:

1



3.      As part of its campaign, Living Proof introduced a web series that it titled "Good Hair Day," and which it marketed extensively in various publications.  Living Proof also has a webpage on its website at https://goodhairday.livingproof.com/ that lead the user to the "Good Hair Day" web series and also used the tagline "good hair day" as part of the url for other webpages: http://www.livingproof.com/jen/good-hair-day.  Upon information and belief, Living Proof used these links at least until late July, 2013.

4.      This action seeks to prevent the irreparable harm that continues to threaten GHD as a result of Living Proof's willful infringement of GHD's valuable trademark rights.

5.      GHD attempted to resolve this matter without resorting to this Court for relief.  Immediately after GHD learned of Living Proof's Infringement, GHD's counsel contacted Living Proof and advised Living Proof that if it did not immediately stop its willful infringement of GHD's trademarks, GHD would file suit in federal court in the Central District of California.  As detailed in paragraphs 20-22 below, for 10 weeks, Living Proof stalled GHD and indicated that it wanted to avoid litigation.  Despite these representations, and with full knowledge that GHD was refraining from

1   suit at Living Proof's request, Living Proof filed a declaratory judgment action against

2   GHD in Boston on July 25, 2013.

3        6.      Despite filing an anticipatory declaratory judgment, Living Proof

4   continues to infringe GHD's trademarks.  Accordingly, GHD now brings the suit it

5   promised in the forum it promised, and seeks injunctive relief and to recover damages

6   suffered as a result of Living Proof's infringement of GHD's rights under the

7   trademark laws of the United States, 15 U.S.C. § 1125 *et seq.*, the trademark laws of

8   California and California state unfair competition law.

9                                        **PARTIES**

10       7.      Plaintiff Jemella Group Ltd. ("Jemella") is a United Kingdom limited

11  company having its principal place of business in the United Kingdom.  Jemella is,

12  and at all material times was, engaged in the business of, among other things, creating,

13  manufacturing, distributing and marketing high-end hairstyling products, including

14  without limitation electronic hair straighteners, flat irons and hair care products.  Its

15  business operates under the name ghd, an abbreviation for its tagline, "good hair day."

16       8.      Plaintiff ghd Professional North America, Inc. ("ghd Professional") is a

17  corporation having its principal place of business in the State of California, and is

18  qualified to do business and is doing business in the State of California and in this

19  judicial district.  ghd Professional is, and at all material times was, a wholly owned

20  subsidiary of Jemella, and Jemella's exclusive licensee and distributor in the United

21  States.   ghd Professional is, and at all material times was, engaged in the business of

22  distributing and marketing hairstyling products, including without limitation

23  electronic hair straighteners, flat irons and hair care products.

24       9.      Defendant Living Proof is, upon information and belief, a corporation

25  organized and existing under the laws of the State of Delaware and having offices in

26  Cambridge, Massachusetts.  Upon information and belief, Living Proof is qualified to

27  do business and is doing business in the State of California and in this judicial district.

28  Upon information and believe, Living Proof also owns and operates the website

                                        3

1   available at <http://www.livingproof.com>.

2   **JURISDICTION AND VENUE**

3   　　　10.   This action arises under the Lanham Act, 15 U.S.C. § 1125 *et seq.*, and

4   California statutory and common law.  This Court has jurisdiction pursuant to 28

5   U.S.C. §§ 1331, 1338 and 1367, and 15 U.S.C. § 1121.

6   　　　11.   Venue is proper in this District under 28 U.S.C. § 1391.

7   **ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

8   **I.   GHD'S BUSINESS, PRODUCTS AND TRADEMARKS**

9   　　　12.   GHD has been known worldwide for over a decade as a leading producer

10   of hair styling products.  GHD and its products, which include electric hair

11   straighteners, hair dryers, styling brushes, and hair care products, have been widely

12   acclaimed and have garnered substantial sales of over £150 million worldwide.

13   　　　13.   GHD also owns various trademarks and service marks, including GOOD

14   HAIR DAY registered in the United Kingdom under U.K. Trademark Registration

15   No. 2527066, which it has used in the United States since July 2012 and throughout

16   the world for over a decade.  Indeed, GHD has used GOOD HAIR DAY and the

17   trademarked GOOD HAIR DAY, EVERY DAY tagline (the "GHD Marks")

18   extensively in its worldwide advertising and on its product packaging, both in the

19   United States and abroad.  Examples of GHD's product packaging and marketing

20   bearing the GHD Marks are attached hereto as **Exhibit A**.

21   　　　14.   As a result of GHD's considerable sales and extensive advertising, the

22   GHD Marks have come to be associated with GHD.

23
24   **II.   LIVING PROOF'S INFRINGEMENT OF AND COMMERCIAL
       EXPLOITATION OF GHD'S TRADEMARKS**

25   　　　15.   Living Proof launched a campaign very recently using marks identical to

26   the GHD Marks—including the GOOD HAIR DAY and GOOD HAIR DAY,

27   EVERY DAY trademarks—to promote and to advertise Living Proof's hair care

28   products.  Those products, which are not licensed by or affiliated with GHD, are sold

4

in the very same sales channels—indeed in many of the very same stores—as those of GHD. Upon information and belief, Living Proof's products are sold in Sephora stores and on its website, <sephora.com>, a retail outlet in which GHD products have long been sold. Examples of Living Proof's use of the GHD Marks are attached hereto as **Exhibit B**.

16.    Living Proof's use of trademarks identical to those owned by GHD, a known competitor, on products highly related to those of GHD, marketed and sold in the very same channels, is likely to cause consumers to be confused as to whether GHD is the source or sponsor of, or otherwise affiliated with, Living Proof or its products.

17.    In fact, actual confusion already has resulted from Living Proof's use of the GHD Marks, including a recent statement that "Jennifer Aniston, official spokesperson for Good Hair Day, has launched her first webisode today of a three-part series, 'Living Proof.'" http://tvfishbowl.com/jennifer-aniston-launches-web-series/.

18.    Moreover, Living Proof continues to engage in such extensive promotion of its goods—with the aid of an international celebrity—that it has begun to saturate the market with publicity and advertising for its products using the GHD marks, which is likely to cause purchasers of GHD products to believe mistakenly that they originate from or are affiliated with Living Proof.

## III.   LIVING PROOF REFUSES TO CEASE INFRINGING GHD'S TRADEMARKS

19.    On May 16, 2013, after learning of Living Proof's use of the GHD Marks, GHD sent Living Proof a letter to request that it cease its use of the GHD Marks.

20.    In the letter, GHD was clear that failure to comply would result in GHD "pursu[ing] legal action against Living Proof in the U.S. District Court for the Central District of California." A copy of this letter is attached hereto as **Exhibit C**. The parties thereafter began attempting to resolve their dispute, exchanging several letters

and having several telephone calls.  To facilitate those discussions, the parties agreed that "[GHD] will refrain from proceeding with any adversarial proceedings in the US or the UK while we are actively and productively discussing settlement and [Living Proof] will not use [GHD's] decision to refrain to [GHD's] prejudice by arguing that [GHD] delayed in pursuing [GHD's] rights."

21.     At Living Proof's request, after several letters and phone calls, GHD responded in writing, item by item, to a letter from Living Proof concerning settlement.  Once again, GHD warned Living Proof that "[f]ailure to respond or effect the required changes will result in Jemella immediately filing suit to protect its rights." A copy of this letter is attached hereto as **Exhibit D**.

22.     Living Proof responded to GHD's letter on July 11, 2013.  In the letter, Living Proof countered several of the demands made by GHD, appearing to continue the parties' efforts at resolution

23.     GHD replied on July 19, 2013, addressing the issues brought up in Living Proof's July 11 letter.

24.     Instead of responding to GHD's July 19 letter and continuing the negotiation process, however, Living Proof, without warning, filed a declaratory judgment action in Federal Court in Boston, Massachusetts, on July 25, 2013, just six days later.  This was an anticipatory filing, meant to deprive GHD, who is the true plaintiff and injured party in this dispute, of its choice of forum.

**IV.   THE HARM TO GHD**

25.     Because GHD has no control over the quality of Living Proof's products or the marketing campaign in which the GHD Marks are being improperly used, Living Proof's use of the GHD Marks results in GHD's loss of control of its business reputation and a loss of goodwill.  Upon information and belief, unless enjoined by this Court, Living Proof intends to continue to infringe upon GHD's trademarks and otherwise to profit from the good will attributable to them.  GHD has no adequate remedy at law to redress all of the injuries that Living Proof has caused and intends to

6

1   cause by its conduct and thus GHD will continue to suffer irreparable injury until

2   Living Proof's actions alleged herein are enjoined by this Court.

3       26.    In addition, as discussed above, GHD produces products under the GHD

4   Marks for which it receives substantial revenues.  Upon information and belief, Living

5   Proof's willful infringement diverts sales from GHD to Living Proof and thereby robs

6   GHD of revenues and profits that would rightfully be its own.  Thus, GHD has been

7   damaged by Living Proof's conduct in an amount to be determined according to proof.

8       27.    Moreover, as discussed above, Living Proof's substantial advertising

9   campaign has begun to saturate the market with its infringing mark.  Because of this

10  advertisement, customers who purchase GHD products are likely to mistakenly

11  believe that they are dealing with Living Proof.

**CLAIMS FOR RELIEF**

**COUNT I**

**False Designation of Origin (15 U.S.C. § 1125(a))**

15      28.    GHD repeats and realleges each and every allegation above as though

16  fully set forth herein.

17      29.    Living Proof's actions as alleged herein constitute a false designation of

18  origin, affiliation or sponsorship in violation of 15 U.S.C. § 1125(a).

19      30.    The use of the GHD Marks by Living Proof constitutes a false

20  designation of origin, affiliation and/or sponsorship, and a false description or

21  representation that wrongfully and falsely designates the Living Proof's products as

22  originating from GHD, or being associated, affiliated or connected with or approved

23  or sponsored by GHD.  Moreover, as Living Proof's substantial campaign continues,

24  the relevant public is likely to erroneously believe that GHD's use of its GHD Marks

25  originates from, or is associated, affiliated or connected with or approved or sponsored

26  by Living Proof.

27      31.    As a direct and proximate result of Living Proof's wrongful acts, GHD

28  has suffered and continues to suffer and/or is likely to suffer damage to its trademarks,

7

business reputation, and goodwill.  Living Proof will continue to use, unless restrained, the GHD Marks or other marks confusingly similar to the GHD Marks and will cause irreparable damage to GHD.  GHD has no adequate remedy at law and is entitled to an injunction restraining Living Proof, its officers, agents, and employees, and all persons acting in concert with Living Proof, from engaging in further acts of false designation of origin, affiliation or sponsorship.

32.    GHD is entitled to recover from Living Proof the actual damages that it sustained and/or is likely to sustain as a result of Living Proof's wrongful acts.  GHD presently is unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to sustain by reason of Living Proof's acts of false designation of origin, affiliation or endorsement.

33.    GHD also is entitled to recover from Living Proof the gains, profits, and advantages that Living Proof has obtained as a result of its wrongful acts.  GHD presently is unable to ascertain the extent of the gains, profits, and advantages that Living Proof has realized by reason of its acts of false designation of origin, affiliation or endorsement.

34.    GHD also is entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

<strong>COUNT II</strong>

<strong>Statutory Unfair Competition (Cal. Bus. & Prof. Code § 17200 <em>et seq.</em>)</strong>

35.    GHD repeats and realleges each and every allegation above as though fully set forth herein.

36.    By reason of the foregoing, Living Proof has been, and is, engaged in unlawful, unfair and/or fraudulent business practices in violation of §§ 17200 <em>et seq.</em> of the California Business & Professional Code.

37.    Living Proof's acts complained of herein have damaged and will continue to damage GHD irreparably.  GHD has no adequate remedy at law for these wrongs and injuries.  The damage to GHD includes harm to its trademarks, goodwill,

8

1    and reputation in the marketplace that money cannot compensate.

2        38.    GHD is therefore entitled to injunctive relief restraining and enjoining

3    Living Proof and its agents, servants, employees, and attorneys, and all persons acting

4    thereunder, in concert with, or on their behalf, from using the GHD Marks, any

5    colorable imitation or variation thereof, or any mark, name, symbol, or logo which is

6    confusingly similar thereto in connection with the marketing or sale of any goods or

7    services by Living Proof.

8    **COUNT III**

9    **Common Law Unfair Competition**

10       39.    GHD repeats and realleges each and every allegation above as though

11   fully set forth herein.

12       40.    By reason of the foregoing, Living Proof has been, and is, engaged in

13   acts of unfair competition in violation of the common law.

14       41.    Living Proof's acts complained of herein have damaged and will

15   continue to damage GHD irreparably.  GHD has no adequate remedy at law for these

16   wrongs and injuries.  The damage to GHD includes harm to its trademarks, goodwill,

17   and reputation in the marketplace that money cannot compensate.

18       42.    GHD is therefore entitled to: (a) injunctive relief restraining and

19   enjoining Living Proof and its agents, servants, employees, and attorneys, and all

20   persons acting thereunder, in concert with, or on their behalf, from using the GHD

21   Marks, any colorable imitation or variation thereof, or any mark, name, symbol, or

22   logo which is confusingly similar thereto in connection with the marketing or sale of

23   any goods or services by Living Proof; (b) GHD's actual damages sustained as a result

24   of Living Proof's wrongful acts; (c) an accounting of Living Proof's profits from its

25   sales of the products bearing or using the GHD Marks and any other products bearing

26   or using any trademarks which are confusingly similar thereto; (d) the award of Living

27   Proof's unjust profits, as well as sums sufficient to compensate GHD for all harm

28   suffered as a result of Living Proof's conduct; and (e) punitive damages.

9

## COUNT IV

### California Common Law Trademark Infringement

43.     GHD repeats and realleges each and every allegation above as though fully set forth herein.

44.     Living Proof's actions as alleged herein constitute trademark infringement in violation of California common law.

45.     The use of the GHD Marks by Living Proof is likely to cause consumer confusion as to whether Living Proof's products originate from GHD, or are associated, affiliated or connected with or approved or sponsored by GHD.  Moreover, as Living Proof's substantial campaign continues, the relevant public is likely to erroneously believe that GHD's use of its GHD Marks originates from, or is associated, affiliated or connected with or approved or sponsored by Living Proof.

46.     As a direct and proximate result of Living Proof's wrongful acts, GHD has suffered and continues to suffer and/or is likely to suffer damage to its trademarks, business reputation, and goodwill.  Living Proof will continue to use, unless restrained, the GHD Marks or other marks confusingly similar to the GHD Marks and will cause irreparable damage to GHD.  GHD has no adequate remedy at law and is entitled to an injunction restraining Living Proof, its officers, agents, and employees, and all persons acting in concert with Living Proof, from engaging in further uses of the GHD Marks that are likely to cause consumer confusion.

47.     GHD is entitled to recover from Living Proof the actual damages that it sustained and/or is likely to sustain as a result of Living Proof's wrongful acts.  GHD presently is unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to sustain by reason of Living Proof's acts of trademark infringement.

48.     GHD also is entitled to recover from Living Proof the gains, profits, and advantages that Living Proof has obtained as a result of its wrongful acts.  GHD presently is unable to ascertain the extent of the gains, profits, and advantages that

1   Living Proof has realized by reason of its acts of trademark infringement.

2                                    **PRAYER FOR RELIEF**

3         WHEREFORE, GHD respectfully requests judgment against Living Proof as

4   follows:

5         1.      Find that Living Proof has infringed GHD's trademarks and violated 15

6   U.S.C. § 1125(a), California Business & Professional Code § 17200 *et seq.* and the

7   common law by engaging in unlawful, unfair, and fraudulent business practices;

8         2.      Find a substantial likelihood that Living Proof will continue to infringe

9   GHD's intellectual property unless enjoined from doing so;

10        3.      Issue a preliminary and permanent injunction enjoining Living Proof, and

11  its agents, servants, employees, attorneys, successors and assigns, and all persons,

12  firms and corporations acting in concert with it, from manufacturing, transporting,

13  promoting, importing, advertising, publicizing, distributing, offering for sale, or

14  selling any products bearing the GHD Marks or any other mark, name, symbol, or

15  logo that is likely to cause confusion or to cause mistake or to deceive persons into the

16  erroneous belief that any goods that Living Proof caused to enter the stream of

17  commerce are sponsored, licensed, or endorsed by GHD, are authorized by GHD, or

18  are connected or affiliated in some way with GHD, or from participating or assisting

19  in any such activity;

20        4.      Order Living Proof to render a full and complete accounting to GHD for

21  Living Proof's profits, gains, advantages or the value of the business opportunities

22  received from the foregoing acts of infringement;

23        5.      Enter judgment for GHD against Living Proof for all damages suffered

24  by GHD and for any profits or gain by Living Proof attributable to infringement of

25  GHD's intellectual property in amounts to be determined at trial;

26        6.      Enter judgment for GHD against Living Proof for punitive damages in

27  amounts to be determined at trial;

28        7.      Award GHD costs and disbursement of this action, including reasonable

                                           11

1    attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a);

2       8.    Award GHD pre-judgment and post-judgment interest, to the fullest

3    extent available, on the foregoing; and

4       9.    Grant such other, further and different relief as the Court deems just and

5    proper.

6

**DEMAND FOR JURY TRIAL**

7      GHD demands a trial by jury on all issues so triable in this action.

8

9    DATED:  August 8, 2013         Respectfully submitted,
10                               Kirkland & Ellis LLP

11                       *OMCL for Diana Torres*
12                              Diana Torres

13                               *Attorneys for Plaintiffs*
14                               Jemella Group Ltd. and ghd Professional
15                               North America, Inc.

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A







good hair day, every day



**Believe in pink**. £10 per styler sold is paid to Breakthrough Promotions Limited which pays all its taxable profits to Breakthrough Breast Cancer, a charity registered in England & Wales (No.1062636) and Scotland (No. SC039058), under the Gift Aid Scheme. €10 per styler sold is paid to Action Breast Cancer, a programme of the Irish Cancer Society (Registered charity number CHY5863).



**Believe in pink**. £10 per styler sol    to Breakthrough Promotions Limited which pays all its taxable profits to Breakthrough Breast Cance    rity registered in England & Wales (No.1062636) and Scotland (No. SC039058), under the Gift Aid Scheme. €10 per styler sold is paid to Action Breast Cancer, a programme of the Irish Cancer Society (Registered charity number CHY5863).

ghd
good hair day, every day

# Exhibit B

Living Proof | We are the science. You are the ' | g Proof. | Free Shipping

http://www.livingproof.com/

# Living proof.

shop hair products    our science    styles + tips    where to buy        my cart ( 0 )        FREE SHIPPING & RETURNS



NEW

## flex shaping hairspray:

set, style & finish
on damp or dry hair

SHOP NOW

## Jennifer Aniston is Living Proof.      LEARN MORE >



## Get a good hair day, every day (even on the go)

 **full** travel kit

Get long-lasting body &
volume

SHOP NOW

 ~~**frizz**~~ travel kit

Conquer frizz & fight
humidity

SHOP NOW

 **restore** travel kit

Defeat dryness &
damage

SHOP NOW

Free shipping        Free returns        Free samples with every order        Customer service: 1 (866) 240-9933


You are the
Living proof.

**About Us**  Jen  Chris  Styles + Tips  Our Science  Our Team  Careers  Press  Buzz  Product Ingredients
**Our Products**  All products  Award winners  Cleanse  Condition  Treat & Protect  Style
     Prime  Amp²  Flex  Satin  Full  No Frizz  Restore  Straight  Hold
**Follow Us**  Facebook  YouTube  Pinterest  Twitter  Google+  Email  Blog
**Customer Service**  Contact Us  Salon Information  Salon Locations  Where to Find Us  My Account  My Cart

© 2013 Living Proof, Inc. | Privacy policy





Discover good hair days, every day.

# Living proof.

## restore
repairing & damage reversing travel kit





Exhibit C

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

333 South Hope Street
Los Angeles, California  90071

Diana Torres
To Call Writer Directly:
(213) 680-8338
diana.torres@kirkland.com

(213) 680-8400

www.kirkland.com

Facsimile:
(213) 680-8500

May 16, 2013

**Via E-mail and Federal Express**

Ms. Jill Beraud
CEO
Living Proof, Inc.
301 Binney St.
Cambridge, MA 02142
questions@livingproof.com

Mr. Jon Flint
Chairman
Living Proof, Inc.
301 Binney St.
Cambridge, MA 02142

Re:    Infringing Use of GHD's Trademarks

Dear Ms. Beraud and Mr. Flint:

We represent Jemella Group Ltd. and its exclusive United States licensee, ghd Professional North America, Inc. (collectively, "GHD").  As you are no doubt aware, GHD has been known worldwide for over a decade as a leading producer of hair styling products, including without limitation electronic hair straighteners, flat irons and hair care products.



KIRKLAND & ELLIS LLP

Ms. Jill Beraud
May 16, 2013
Page 2



Accordingly, we demand that you immediately cease all use of the GHD Marks, including, but not limited to, the GOOD HAIR DAY trademark and GOOD HAIR DAY, EVERY DAY tagline and confirm your agreement to do so in writing by the close of business Monday, May 20, 2013. Should you fail to comply with this demand, our client has authorized us to pursue legal action against Living Proof in the U.S. District Court for the Central District of California, including seeking all available remedies and the maximum penalties, including attorneys' fees, available under both federal and state law.

Please contact me as soon as possible to confirm that you will comply with our request. Thank you for your anticipated cooperation. Nothing contained in this letter is intended as or should be construed to be a waiver or relinquishment of any right or remedy held by our clients, all of which are hereby expressly reserved.

Sincerely,

Diana Torres

Enclosures

Exhibit D

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

|  |  |  |
|---|---|---|
| Diana Torres<br>To Call Writer Directly:<br>(213) 680-8338<br>diana.torres@kirkland.com | 333 South Hope Street<br>Los Angeles, California  90071<br>(213) 680-8400<br>www.kirkland.com | Facsimile:<br>(213) 680-8500 |

July 8, 2013

**Via E-mail and First-Class Mail**          **FOR SETTLEMENT PURPOSES ONLY**

Julia Huston
Foley Hoag LLP
Seaport West
155 Seaport Boulevard
Boston, MA 02210-2600

          Re:     Use of "Good Hair Day" by Living Proof, Inc.

Dear Ms. Huston:

        You asked for a formal response to your written proposal of June 7, 2013.  As we have told you, we are interested in an amicable resolution of this dispute. .  The recent delays in settlement discussions combined with the continued presence of our marks in prominent positions on Living Proof's website and marketing materials has us concerned that that Living Proof is not acting in good faith.

[text redacted]

For convenience, I have set forth below each of the points in your letter, followed by our response.

1.  [text redacted]

2.  [text redacted]

# KIRKLAND & ELLIS LLP

**FOR SETTLEMENT PURPOSES ONLY**

Julia Huston

July 8, 2013
Page 2



3.

4.

KIRKLAND & ELLIS LLP

**FOR SETTLEMENT PURPOSES ONLY**

Julia Huston

July 8, 2013
Page 3



# KIRKLAND & ELLIS LLP

**FOR SETTLEMENT PURPOSES ONLY**

Julia Huston

July 8, 2013
Page 4



9.

10.

11.

12.

    We expect a satisfactory response in writing by July 10, 2013 with deadlines by which Living Proof will agree to effect the required changes.  Failure to respond or effect the required changes will result in Jemella immediately filing suit to protect its rights.  The contents of this letter constitute offers of compromise and are written for settlement purposes only.  In the event that we are unable to reach a mutually amicable settlement, nothing contained in this letter is intended as or should be construed to be a waiver or relinquishment of any right or remedy held by our clients, all of which are hereby expressly reserved.

Sincerely,

Diana Torres

Enc: Attachment 1

K&E 26986406.5

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

<table>
<tr><td>Jemella Group Ltd. and ghd Professional North America, Inc.</td><td>)<br>)<br>)<br>)</td><td></td></tr>
<tr><td> <em>Plaintiff(s)</em> </td><td>)<br>)</td><td rowspan="2">Civil Action No. <strong>CV13-05740 -SS</strong></td></tr>
<tr><td> v. </td><td>)<br>)</td></tr>
<tr><td> Living Proof, Inc. </td><td>)<br>)<br>)</td><td></td></tr>
<tr><td> <em>Defendant(s)</em> </td><td>)</td><td></td></tr>
</table>

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Living Proof, Inc.
301 Binney St.
First Floor
Cambridge, MA 02142

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Mark Holscher
Diana Torres
Kirkland & Ellis LLP
333 S. Hope St.
Los Angeles, CA 90071
mark.holscher@kirkland.com, diana.torres@kirkland.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: AUG – 8 2013

_____
*Signature of Clerk or Deputy Clerk*



AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

  ❏ I personally served the summons on the individual at *(place)* _____

                on *(date)* _____ ; or

  ❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

  ❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

                on *(date)* _____ ; or

  ❏ I returned the summons unexecuted because _____ ; or

  ❏ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

           _____
                 *Server's signature*

           _____
                 *Printed name and title*

           _____
                 *Server's address*

Additional information regarding attempted service, etc:

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Jemella Group Ltd. and ghd Professional North America, Inc | Living Proof, Inc |

| (b) County of Residence of First Listed Plaintiff  Yorkshire, U.K. | County of Residence of First Listed Defendant  Middlesex |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Mark Holscher, Diana Torres, Sharre Lotfollahi, Drew Wilson Kirkland & Ellis LLP, 333 S. Hope St, Los Angeles, CA 90071 T: (213) 680-8400  F: (213) 680-8500 | Julia Huston, Charles E. Weinstein, Nicole Kinsley, Foley Hoag LLP 155 Seaport Blvd, Boston, MA 02210 (617) 832-1000 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question *(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157 | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability | | **PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☒ 840 Trademark | |
| | **PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. 1125 et seq.

Brief description of cause:
Trademark Infringement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.   DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*   JUDGE Rya W. Zobel   DOCKET NUMBER 13-CV-11786

DATE
08/08/2013

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE



CV13-05740

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ NO   ☐ YES

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ NO   ☐ YES

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, **and** one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Yorkshire U.K |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Middlesex, Massachusetts |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____   DATE: _____

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |